IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Elliott E. Rollins, | ) | No. CV08-01212-ROS |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Derral Adams, et al., | ) | |
| Defendants. | ) | |

Defendants seek dismissal of two of the three causes of action remaining after screening of the complaint. For the following reasons, the motion will be granted.

**BACKGROUND**

Plaintiff Elliot Rollins is an inmate at the California State Prison, Corcoran. According to his complaint, on August 28, 2007 Plaintiff gave various legal documents to another inmate for photocopying at the prison library. Upon arriving at the library, the other inmate gave Plaintiff's documents to Defendant Gomez, a correctional officer. Defendant Gomez gave Plaintiff's documents to Defendant Guzman, the legal librarian. Instead of copying the documents, Defendant Guzman confiscated them upon learning they belonged to Plaintiff, instead of the inmate who brought them to the library. The inmate eventually was kicked out of the library by Defendant Gomez and Defendant Sullivan, another correctional officer.

Plaintiff submitted various requests for the return of his documents. These requests were denied. Plaintiff now claims the confiscation of his documents constituted retaliation against him for filing administrative appeals and threatening to file legal action. Plaintiff also claims the confiscation of documents violated his right to equal protection and denied him access to the courts. Defendants seeks dismissal of the retaliation and equal protection claims. Defendants also seek dismissal of Defendants Gomez and Sullivan.

**ANALYSIS**

**1. Motion to Dismiss Standard**

"[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). All factual allegations must be accepted as true but legal conclusions need not.

**2. The Retaliation Claim Must Be Dismissed**

"A prisoner suing prison officials under section 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline." *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994). Plaintiff's retaliation claim can succeed only if he "show[s] a causal connection between a defendant's retaliatory animus and subsequent injury." *Hartman v. Moore*, 547 U.S. 250, 259 (2006). According to the complaint, Defendants retaliated against Plaintiff because he filed an "administrative 602 appeal/grievance" and he threatened "to file a lawsuit against them." (Doc. 1 at 6). But the complaint does not identify any administrative appeal or threatened lawsuit *prior* to the documents being confiscated. The confiscation could not have constituted retaliation for acts not yet taken. The retaliation claim must be dismissed.

### 3. The Equal Protection Claim Must Be Dismissed

A valid equal protection claim requires a showing "that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001). Plaintiff claims Defendants denied him "equal protection of the laws by . . . arbitrarily confiscating and/or destroying [his] property and locking [him] out of the prison law library and frustrating [him] from having meaningful access to the courts." (Doc. 1 at 9). These allegations do not identify the "protected class" which Plaintiff belongs to nor do they identify how Plaintiff was treated differently than other similarly situated individuals. The complaint does not alleged sufficient facts to support an equal protection claim.

### 4. Defendants Gomez and Sullivan Must Be Dismissed

After dismissal of the retaliation and equal protection claims, the only remaining cause of action is denial of access to the courts. That claim is premised on Defendant Guzman confiscating Plaintiff's legal documents. Plaintiff does not identify any actions taken by Defendants Gomez and Sullivan that support this claim. According to the complaint, Defendant Gomez "didn't want to get involved" in Plaintiff's dispute with Defendant Guzman. In fact, the only conduct by Defendants Gomez and Sullivan was removing from the law library the inmate who had brought Plaintiff's documents to the library. These allegations are not sufficient to support claims against Defendants Gomez and Sullivan.

Accordingly,

**IT IS ORDERED** the Motion to Dismiss (Doc. 11) is **GRANTED**. Defendants Gomez and Sullivan shall be dismissed.

**IT IS FURTHER ORDERED** Defendant Guzman shall file his answer to the sole remaining count no later than fourteen days after entry of this Order.

DATED this 18th day of March, 2010.

Roslyn O. Silver
United States District Judge