1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                    FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9   Elliott E. Rollins,                    )    No. CV-08-1212-ROS
                                           )
10             Plaintiff,                   )    **ORDER**
                                           )
11   vs.                                    )
                                           )
12                                          )
    Derral Adams, et al.,                   )
13                                          )
               Defendants.                  )
14                                          )
                                           )
   _____)

15

16         Defendant Guzman seeks judgment on the pleadings.  For the following reasons, the

17   motion will be granted.

18                              **BACKGROUND**

19         Plaintiff Elliot Rollins is an inmate at the California State Prison, Corcoran.  In 2003,

20   Plaintiff filed a civil rights complaint against Deuel Vocational Institution.  On July 27, 2007,

21   the Magistrate Judge handling pretrial matters in that case issued a report and

22   recommendation regarding the Deuel Vocational Institution's motion for summary judgment.

23   (Doc. 23 at 4).  The magistrate judge recommended the motion be granted because Plaintiff

24   had failed to exhaust his administrative remedies before filing suit.  Plaintiff planned on

25   filing objections to the report and recommendation.

26         On August 6, 2007, Plaintiff requested additional time to file his objections.  (Doc.

27   23 at 19).  Plaintiff was given until approximately September 10, 2007 to file objections.  On

28   August 28, 2007, Plaintiff gave various legal documents to another inmate for photocopying

at the prison library.   Upon arriving at the library, the other inmate gave Plaintiff's documents to a correctional officer and the officer gave the documents to Defendant Guzman, the legal librarian.   Instead of copying the documents, Defendant Guzman confiscated them upon learning they belonged to Plaintiff and not the inmate who brought them to the library.   The inmate who brought the documents was kicked out of the library.

Plaintiff submitted various requests for the return of his documents.   These requests were denied.   On September 10, 2007, Plaintiff filed a second request for an extension of time to file his objections to the report and recommendation.   Plaintiff claimed the additional extension was needed because "he ha[d] no knowledge of how to oppose the Magistrate Judge's finding and recommendations." (Doc. 23 at 25).   The motion makes no mention of the events on August 28, 2007, or the alleged refusal to allow Plaintiff access to the legal library.   The Magistrate Judge granted Plaintiff's request and gave Plaintiff until September 27, 2007 to file his objections.   Plaintiff did not file any objections.   The District Judge adopted the report and recommendation and summary judgment was granted against Plaintiff.

On August 18, 2008, Plaintiff filed this suit alleging Defendant Guzman's actions denied him access to the courts.[1]   Defendant Guzman now seeks judgment on the pleadings, arguing Plaintiff has not pled he suffered an "actual injury" as a result of Defendant Guzman's actions.   Plaintiff opposes the motion by arguing he had meritorious objections to the report and recommendation and Defendant Guzman's actions were the reason the motion for summary judgment in the other case was granted.

**ANALYSIS**

**I. Standard for Judgment on the Pleadings**

Defendant has moved for judgment on the pleadings.   "Judgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).   In ruling on this type of motion, the Court must "accept all factual allegations in the

---

[1] Plaintiff had other claims but they were dismissed in prior orders.

1  complaint as true and construe them in the light most favorable to the non-moving party."

2  *Id.*

3  **II.  Plaintiff's Complaint Does Not Identify an Injury**

4       Plaintiff's sole claim is Defendant Guzman denied him access to the courts.  An

5  individual wishing to pursue such a claim "must identify a nonfrivolous, arguable" claim he

6  was prevented from making.  *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).  According

7  to his complaint, Defendant Guzman "destroyed" Plaintiff's objections to the Magistrate

8  Judge's report and recommendation and "locked [Plaintiff] out of the . . . law library." (Doc.

9  1 at 6).  As a result of these actions, Plaintiff's case "was dismissed with prejudice." (Doc.

10 1 at 6).  Defendant accepts these allegations as true–as he must–but argues they are too

11 conclusory to assert a claim for relief.  Defendant points out the complaint does not identify

12 any "nonfrivolous" or "arguable" objection Plaintiff was prevented from making and,

13 therefore, the claim fails as a matter of law.  Defendant is correct.

14      Assuming Plaintiff was prevented from filing his objections to the report and

15 recommendation and was locked out of the law library, the complaint does not provide any

16 basis for concluding the objections Plaintiff wished to file were meritorious.  Without such

17 allegations, Plaintiff has not suffered an "actual injury" and his denial of access to the courts

18 claim fails.[2]  *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (prisoner must show actual injury by

19 establishing "a nonfrivolous legal claim had been frustrated or was being impeded").

20 **III.  Plaintiff's New Theory Does Not Prevent Judgment**

21      Plaintiff's opposition to the motion for judgment on the pleadings attempted to cure

22 the deficiencies in the complaint by specifying the nature of the objections Plaintiff wished

23 to file.  Plaintiff claims Defendant's action prevented him from filing an objection arguing

24 a prison official perjured himself.  This wrongful action allegedly prevented Plaintiff from

25

26      [2] Plaintiff's status as a pro se prisoner pursuing a civil rights claim does not change
27 this conclusion.  While the Court is obligated to view the complaint liberally, "a liberal
   interpretation of a . . . civil rights complaint may not supply essential elements of the claim
28 that were not initially pled."  *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

1    exhausting his administrative remedies and if the Court had been informed of this, the report
2    and recommendation would have been rejected.

3         This argument, however, would have been improper because Plaintiff did not raise it
4    in response to the original motion for summary judgment.  Plaintiff was required to raise *all*
5    the arguments he wished to pursue in opposing the summary judgment motion before the
6    magistrate.  Plaintiff could not wait and raise new arguments before the District Judge
7    considering the report and recommendation. *See Greenhow v. Secretary of Health & Human*
8    *Services*, 863 F.2d 633, 638 (9th Cir. 1988) (*overruled on other grounds by United States v.*
9    *Hardesty*, 977 F.2d 1347 (9th Cir. 1992)) ("[A]llowing parties to litigate fully their case
10   before the magistrate and, if unsuccessful, to change their strategy and present a different
11   theory to the district court would frustrate the purpose of the Magistrates Act.").  Thus,
12   Plaintiff could not have raised this claim in his objection to the report and recommendations.[3]
13   Because Plaintiff has not identified any potentially meritorious objection he could have
14   raised before the District Judge, his claim fails as a matter of law.

15        Accordingly,

16        **IT IS ORDERED** the Motion for Judgment on the Pleadings (Doc. 22) is
17   **GRANTED**.  The Clerk of Court is directed to enter judgment in favor of all Defendants and
18   close this case.

19        DATED this 10th day of February, 2011.

20
21
22
23                                              _____
                                                Roslyn O. Silver
24                                              Chief United States District Judge
25
26

27        _____
28        [3] The Court notes this argument is also inconsistent with Plaintiff's previous
     admission that the prison official acted appropriately (*i.e.* did not commit perjury).